```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**EDWARD A. ELLARS,**

        **Plaintiff,**

  vs.                                    **Civil Action 2:14-cv-2050**
                                             **Judge Graham**
                                             **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

<u>**REPORT AND RECOMMENDATION**</u>

**I.**    **Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income.  This matter is before the Court for consideration of *Plaintiff Edward A. Ellars' Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 13, the *Defendant's Memorandum in Opposition*, Doc. No. 18, and *Plaintiff's Reply*, Doc. No. 19.

Plaintiff Edward A. Ellars protectively filed his applications for benefits on December 23, 2011, alleging that he has been disabled since September 22, 2008.  *PAGEID* 41, 226-36.  The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on May 14, 2013, at which plaintiff, represented by counsel, appeared and testified, as did

Jerry A. Olsheski, Ph.D., who testified as a vocational expert. *PAGEID* 41, 65. Plaintiff, through his counsel, amended his alleged onset date at the hearing to June 1, 2012. *PAGEID* 242. In a decision dated June 10, 2013, the administrative law judge concluded that plaintiff was not disabled from June 1, 2012, through the date of the administrative decision. *PAGEID* 41-60. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on August 29, 2014. *PAGEID* 32-34.

Plaintiff was 47 years of age on the date of the administrative decision. *See PAGEID* 60, 226. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a farm worker and pipe fitter. *PAGEID* 58. Plaintiff was last insured for disability insurance purposes on September 30, 2013. *PAGEID* 43. He has not engaged in substantial gainful activity since June 1, 2012, the amended alleged date of onset of disability. *Id*.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of "(1) coronary artery disease with stent placements; (2) obstructive sleep apnea; (3) status post a right carpal tunnel release; (4) systemic lupus erythematosus, asymptomatic; (5) tobacco abuse (ongoing), with associated mild emphysema; and (6) depression." *PAGEID* 43. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform sedentary work, as that term is defined in 20 CFR 404.1567(a) and 416.967(a), with the exception that he

> additionally requires the option to change his position from sitting to standing and vice versa, as necessary to alleviate discomfort. The claimant additionally retains the capacity for understanding, remembering, and carrying out repetitive and some complex tasks and instructions, which are not fast-paced, do not involve high production quotas, involve only minor or infrequent changes in the work setting, and involve only occasional and superficial contact with others. This residual functional capacity is consistent with the opinions Dr. [sic] Goldsmith (Exhibits 1A and 2A) and Dr. Umana (Exhibits 5A and 6A). It is also well-supported by the record as a whole.

*PAGEID* 48-52. Although this RFC precludes the performance of plaintiff's past relevant work as a farm worker and pipe fitter, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as assembler, inspector, and hand packer. *PAGEID* 58-59. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2012, through the date of the administrative decision. *PAGEID* 59-60.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

3

*See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff argues that the administrative law judge erred in "fail[ing] to accord controlling weight, or at least deferential weight, to the treating source medical opinion of Dr. Schall." *Statement of Errors*, p. 5. Plaintiff argues that the administrative law judge's analysis of Dr. Schall's opinion is conclusory, fails to provide "good reasons" for discounting Dr. Schall's opinion, and fails to explain how Dr. Schall's opinion is inconsistent with the medical evidence. *Id*. at pp. 5-9.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case

4

record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Plaintiff treated with Gregory W. Schall, D.O., in 2012 and 2013. *PAGEID* 529-667, 823-1017. Dr. Schall completed a physical capacity

5

evaluation on April 18, 2013.  *PAGEID* 1130-31.  Dr. Schall opined that, in an eight-hour workday, plaintiff can stand for one hour, 10 minutes at a time; walk for less than one hour, five to 10 minutes at a time; and sit for four hours, 30 minutes at a time.  *PAGEID* 1130. Dr. Schall opined that plaintiff can lift 11 to 20 pounds occasionally; bend and squat occasionally; but cannot crawl, climb steps, climb ladders, or use his feet for repetitive movements as in operating foot controls.  *PAGEID* 1130-31.  Dr. Schall included as "other work related limitations" "severe peripheral vascular disorder, coronary artery disease, COPD, & depression and anxiety."  *PAGEID* 1131 (emphasis omitted).

The administrative law judge evaluated Dr. Schall's opinion as follows:

> The April 18, 2013 opinion of Dr. Schall, the claimant's family practitioner (Exhibit 16F) has been considered, but cannot be assigned any significant weight.  Dr. Schall opinion [sic] cannot be assigned more than minimal weight because his opinion appears to rest at least in part on an assessment of the claimant's cardiac and vascular impairment, which is outside his area of expertise as a general practitioner.  Moreover, the opinion expressed by Dr. Schall is quite conclusory, providing very little explanation of the information he relied upon in forming the opinion.  Finally, no other treating or examining physician offered an opinion indicating that the claimant's residual functional capacity was restricted to the extent identified by Dr. Schall, and the totality of the objective evidence of record fails to corroborate his assigned degree of functional limitations.

*PAGEID* 57-58.

Although succinct, the administrative law judge's analysis of Dr. Schall's opinion does not violate the treating physician rule.  The administrative law judge recognized Dr. Schall as plaintiff's "primary

6

care physician," *PAGEID* 44, and "family practitioner," *PAGEID* 57, but discounted his opinion because "the totality of the objective evidence of record fails to corroborate his assigned degree of functional limitations." *PAGEID* 58. Plaintiff argues that the administrative law judge's "decision is completely [de]void of any meaningful explanation," *Statement of Errors*, p. 9, and that the administrative law judge failed to "identify any substantial evidence that he believed was inconsistent with Dr. Schall's opinion." *Plaintiff's Reply*, p. 8. However, the administrative law judge provided an extensive evaluation of the medical evidence and plaintiff's subjective complaints and explained why the objective medical evidence supported the RFC determination. *PAGEID* 53-57. The administrative law judge expressly considered limitations in standing, walking, sitting, and bending, and those associated with plaintiff's lower extremities and breathing problems, and explained why the objective evidence supported the RFC determination. *Id*. It is true that Dr. Schall based his opinion on plaintiff's severe peripheral vascular disorder, coronary artery disease, COPD, and depression and anxiety. *PAGEID* 1131. The administrative law judge expressly considered the evidence related to these conditions in his RFC determination and, in evaluating Dr. Schall's opinion, noted that "the objective evidence of record fails to corroborate [Dr. Schall's] assigned degree of functional limitations." *PAGEID* 58. No further explanation is required where, as here, the administrative law judge identified substantial evidence that is inconsistent with Dr. Schall's opinion.

7

*See Kirk*, 667 F.2d at 536 ("[A] reviewing court is to look at the evidence 'taken as a whole.'").  Notably, plaintiff did not challenge the administrative law judge's evaluation of the evidence and his *Statement of Errors* does not cite any evidence to support the limitations opined by Dr. Schall.

Plaintiff also argues for the first time in his reply brief that the administrative law judge improperly discounted Dr. Schall's opinion on the basis that cardiac and vascular impairments fall outside Dr. Schall's area of expertise.  *Plaintiff's Reply*, pp. 3-4.  Plaintiff argues that Dr. Schall "worked alongside two other doctors" in the same facility who specialized in osteopathic medicine and pulmonary diseases and pulmonary critical care, which "detracts from the ALJ's theory that Dr. Schall was not qualified to provide an opinion concerning Mr. Ellar's cardiac and vascular impairments."  *Id*.  Plaintiff also argues that the administrative law judge erred in noting that Dr. Schall's opinion was "conclusory" and that no other physician offered an opinion as restrictive as Dr. Schall's.  *Id*. at pp. 3-7.  This Court disagrees.  First, the administrative law judge is expressly permitted to consider the medical specialty of a treating physician.  20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5).  It was therefore not improper for the administrative law judge to consider that Dr. Schall is a general practitioner who does not specialize in cardiac and vascular impairments.  *PAGEID* 57  Second, Dr. Schall's opinion consists of a serious of checked boxes and a list of diagnoses.  *PAGEID* 1130-31.  Although Dr. Schall was instructed to

8

answer the questions in the evaluation based on his "examination and/or treatment," it was not reversible error for the administrative law judge to note that the opinion is "quite conclusory, providing very little explanation of the information [Dr. Schall] relied upon in forming the opinion." *PAGEID* 57-58.  Similarly, it was not reversible error for the administrative law judge to note that no other treating or examining physician offered an opinion as restrictive as Dr. Schall's opinion.  The administrative law judge's analysis of Dr. Schall's opinion is sufficiently specific as to the weight given to the opinion and the reasons for assigning that weight.  The administrative law judge found that Dr. Schall's opinion was inconsistent with the totality of the medical evidence and he provided specific reasons, which are supported by substantial evidence, to support this conclusion.

    In a related argument, plaintiff argues that, by discounting the opinions of Dr. Schall and the state agency reviewing physicians, the administrative law judge "decided to step outside his role as adjudicator and instead decided to play doctor in formulating an RFC finding." *Statement of Errors*, p. 9.  This Court disagrees.  This is simply not a case in which the administrative law judge interpreted raw medical records without the assistance of medical opinions regarding a claimant's abilities. *See Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).  Rather, the administrative law judge was called upon to evaluate the various medical opinions and determine the weight to be assigned to each.  The administrative law

9

judge properly engaged in this process and his findings in this regard enjoy substantial support in the record.

Having carefully considered the entire record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence. It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely

objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

June 4, 2015                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge