```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Edward A. Ellars,

      Plaintiff,

   v.                         Case No. 2:14-cv-2050

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

<u>ORDER</u>

Plaintiff Edward A. Ellars brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits, and supplemental security income. In his decision of June 10, 2013, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of: (1) coronary artery disease with stent placements; (2) obstructive sleep apnea; (3) status post right carpal tunnel release; (4) systemic lupus erythematosus, asymptomatic; (5) ongoing tobacco abuse with associated mild emphysema; and (6) depression. PAGEID 43. After consideration of the record, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the qualifications that:

> he additionally required the option to change his position from sitting to standing and vice versa, as necessary to alleviate discomfort. The claimant additionally retains the capacity for understanding, remembering, and carrying out repetitive and some complex tasks and instructions, which are not fast-paced, do not involve high production quotas, involve only minor or infrequent changes in the work setting, and involve only

occasional and superficial contact with others. PAGEID 51-52. After considering the testimony of vocational expert Jerry A. Olsheski, Ph.D., the ALJ found that there were jobs in the community which plaintiff could perform, and concluded that plaintiff is not disabled. PAGEID 58-59. This matter is before the court for consideration of plaintiff's June 16, 2015, objections to the June 4, 2015 report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where

that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. "Controlling Weight" Analysis

Plaintiff objects to the magistrate judge's review of the ALJ's analysis of the April 18, 2013, opinion of Gregory W. Schall, D.O., who was plaintiff's treating general physician in 2012 and 2013. *See* Ex. 16F. Plaintiff first argues that the ALJ failed to properly apply the first step of the "controlling weight" analysis. The Commissioner has issued a policy statement, Social Security Ruling 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), to guide an ALJ's assessment of a treating-source opinion. Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3.

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, a formulaic recitation of factors is not required.

3

*See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). An ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F.App'x 462, 470-72 (6th Cir. 2006).

Plaintiff contends that the ALJ did not adequately address the "controlling weight" factors in considering Dr. Schall's opinion. In deciding that Dr. Schall's opinion "cannot be assigned any significant weight[,]" the ALJ noted that "the opinion expressed by Dr. Schall is quite conclusory, providing very little explanation of the information he relied upon in forming the opinion." PAGEID 57. The ALJ further stated that "the totality of the objective evidence of record fails to corroborate his assigned degree of functional limitations." PAGEID 58. These statements go to the first prong of the treating source analysis, that being whether the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques." §404.1527(c)(2).

The ALJ's observations were valid. Dr. Schall's evaluation consisted of a two-page form on which he entered check marks in the blanks regarding plaintiff's physical limitations. *See* Ex. 16F. The ALJ may properly ignore statements of treating physicians that are conclusory and unsupported by the objective medical record. *Carreon v. Massanari*, 51 F.App'x 571, 574 (6th Cir. 2002); *see also Price v. Comm'r Soc. Sec. Admin.*, 342 F.App'x 172, 176 (6th Cir. 2009)(ALJ properly discounted treating physician's opinion where physician failed to provide any explanation for his responses to

4

interrogatories regarding plaintiff's impairments). Although plaintiff takes issue with the magistrate judge's observation that Dr. Schall's opinion consisted of a series of checked boxes, many courts have cast doubt on the usefulness of these forms. *See Smith v. Comm'r of Soc. Sec.*, No. 13-12759, 2015 WL 899207 at **14-15 (E.D.Mich. March 3, 2015)(citing cases). The court in *Smith* held that the ALJ properly gave a check-box form little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence. *Id.* In the "REMARKS" section, Dr. Schall simply noted plaintiff's impairments consisting of severe peripheral vascular disease, coronary artery disease, COPD, depression and anxiety. These remarks were not sufficient to explain Dr. Schall's findings. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job). Even assuming, as plaintiff argues, that Dr. Schall must have relied on the roughly three hundred pages of medical records in his possession in assessing plaintiff's physical capacities, Dr. Schall still failed to adequately explain the grounds for his opinion regarding plaintiff's physical restrictions.

The ALJ also addressed the second prong of the "controlling weight" test by demonstrating, through his detailed discussion of plaintiff's treatment records, that Dr. Schall's opinion was not consistent with other substantial evidence in the case record. *See* PAGEID 44-48. For example, the ALJ observed that in regard to plaintiff's "alleged weakness, throbbing, and numbness of his legs,

5

the objective evidence of record establishes that repeated physical examinations of the claimant have failed to identify any findings that would corroborate the claimant's lower extremity complaints and symptoms." PAGEID 53. The ALJ discussed a February 10, 2012, consultative evaluation by Phillip Swedberg, M.D. During that examination, plaintiff's pulmonary function testing was completely normal, and Dr. Swedberg determined that plaintiff was capable of engaging in mild to moderate physical activities. PAGEID 44-45. The ALJ further noted that: the outcomes of the plaintiff's repeated stent placement procedures were successful; that his coronary artery disease was classified as only moderate in severity and non-obstructive; that his neurological examinations were entirely within normal limits; that the objective medical evidence concerning plaintiff's chronic obstructive pulmonary disease established that this condition was mild or minimal; that plaintiff had not been treated for lupus symptoms since June of 2012; that plaintiff's obstructive sleep apnea was adequately treated with a CPAP mask; and that plaintiff had not been treated for carpal tunnel syndrome since June of 2012. PAGEID 53-56. The court agrees with the finding of the magistrate judge that the ALJ adequately addressed the factors for determining whether to afford Dr. Schall's opinion controlling weight.

B. Weight Given Dr. Schall's Opinion

Plaintiff also argues that the ALJ failed to provide good reasons for concluding that Dr. Schall's opinion "cannot be assigned any significant weight." If the opinion of the treating doctor does not meet the "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc.

6

Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

Plaintiff first alleges that the ALJ erred in noting that Dr. Schall's assessment "appears to rest at least in part on an assessment of the claimant's cardiac and vascular impairment, which is outside his area of expertise as a general practitioner." PAGEID 57. However, the regulations permit the ALJ to consider the treating source's area of speciality in weighing the opinion. *See* 20 C.F.R. §404.1527(c)(5). Plaintiff notes that Dr. Schall practices with two other physicians who specialize in pulmonary problems. That argument does not address the area of cardiac and vascular impairment noted by the ALJ. Further, plaintiff assumes, but points to no evidence in the record, that Dr. Schall consulted with these other doctors in completing his evaluation of plaintiff's physical capacities. As to plaintiff's objection to the ALJ's comment that Dr. Schall's evaluation was conclusory, the regulations permit consideration of such matters. *See* 20 C.F.R. §404.1527(c)(3)("The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

Plaintiff also objects to the ALJ's comment that "no other treating or examining physician offered an opinion indicating that the claimant's residual functional capacity was restricted to the

7

extent identified by Dr. Schall[.]" PAGEID 58. Plaintiff argues that this comment suggests that the ALJ believed that plaintiff was required to produce at least one other expert opinion corroborating Dr. Schall's opinion before it could be assigned any weight. However, nothing in the ALJ's opinion supports this interpretation. Rather, the ALJ was simply noting that the record contained no opinions from other treating sources who shared Dr. Schall's opinion. The supportability of Dr. Schall's opinion is a factor the ALJ could consider in weighing that opinion. *See* 20 C.F.R. §404.1527(c)(3). The ALJ was also permitted to consider "any factors ... which tend to support or contradict the opinion." 20 C.F.R. §404.1527(c)(6).

As to plaintiff's argument that the ALJ failed to adequately relate the medical evidence in the record to Dr. Schall's opinion, this court reiterates that a formulaic recitation addressing the relevant factors is not required, *Friend*, 375 F.App'x at 551, and that the ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record, *see Coldiron*, 391 F.App'x at 439-41. The ALJ addressed the objective medical evidence at length in another part of his opinion. *See Friend*, 195 F.App'x at 472 (finding that ALJ's analysis of claimant's mental problems adequately addressed expert opinions by indirectly attacking their consistency and supportability). The court also agrees with the magistrate judge that this is not a case where the ALJ stepped out of his role as adjudicator and assumed the role of doctor by interpreting raw medical records without the assistance of medical opinions

8

regarding a claimant's abilities.  *See* Doc. 20, p. 9.  Rather, the ALJ permissibly concluded that the functional limitations proposed by Dr. Schall were not supported by the objective medical evidence in the record.  *See Conger v. Comm'r of Soc. Sec.*, No. 2:13-cv-811, 2014 WL 4272734 at *9 (S.D.Ohio Aug. 28, 2014).  The court agrees with the determination of the magistrate judge that the ALJ properly considered the relevant factors for determining the weight to be assigned Dr. Schall's opinion.

III. Conclusion

For the reasons stated above, the court agrees with the analysis of the magistrate judge, and concludes that the ALJ's non-disability finding is supported by substantial evidence and sufficiently explained in his decision.  The court overrules the plaintiff's objections (Doc. 21), and adopts and affirms the magistrate judge's report and recommendation (Doc. 20).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: July 27, 2015          _____s/James L. Graham_____
                             James L. Graham
                             United States District Judge